SUMMARY ORDER

Appellant Heriberto Palacio, pro se, appeals an award of summary judgment in favor of defendants, dismissing his 42 U.S.C. § 1983 complaint alleging retaliation and a violation of New York Civil Procedure Law (“N.Y.C.P.R.”) § 160.50 incident to his transfer in 2002 from a minimum to a medium security prison. We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Ollman v. Special Bd. of Adjustment No. 1063, 527 F.3d 239, 245 (2d *38 Cir.2008). We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
As the district court correctly determined, because a violation of N.Y.C.P.L. § 160.50 does not create a cognizable cause of action under 42 U.S.C. § 1983, Palacio’s claim as to the Defendants’ alleged violation of this statute failed as a matter of law. See United States v. Jakobetz, 955 F.2d 786, 802 (2d Cir.1992) (recognizing that, even where evidence showed an alleged violation of N.Y.C.P.L. § 160.50, there was “no authority to indicate that [a defendant’s] constitutional rights ha[d] been violated,” and that, “at most ... [the act] violated a statutory right under New York law”). In any event, even if a violation of N.Y.C.P.L. § 160.50 did present a viable § 1983 claim, Palacio failed to present any evidence showing that the Defendants violated that statute in transferring him to a medium security prison.
For similar reasons, the district court properly dismissed Palacio’s retaliation claim. To show retaliation, a plaintiff must demonstrate that constitutionally protected conduct was a substantial or motivating factor for a prison official’s adverse action. See Bennett v. Goord, 343 F.3d 133, 137 (2d Cir.2003). To the extent Palacio asserts that Defendants’ decision to transfer him to a medium security prison was motivated by his prior refusal to cooperate with law enforcement officials investigating the disappearance of his girlfriend, even assuming arguendo that such a motivation raises constitutional concerns, Palacio failed to adduce any supporting evidence. Thus, this claim failed as a matter of the law.
We have considered all of Palacio’s remaining claims of error and found them to be without merit; accordingly, there is no basis on which to challenge the judgment of the district court.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.